United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN C. GEIST AND BECKY PARKER
GEIST,

           Plaintiffs,

  v.

CALIFORNIA RECONVEYANCE
COMPANY, JPMORGAN CHASE BANK,

           Defendants.

_____/

No. C 10-0367 CRB

**ORDER**

Pro se Plaintiffs John and Becky Geist seek an injunction that would prevent Defendants from conducting a foreclosure sale of their home in Marin County. Now pending before the Court is Defendants' Motion to Dismiss the Geists' Complaint.

For the reasons discussed below, the Court GRANTS, with prejudice, Defendants' Motion to Dismiss Plaintiffs' federal claims. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed for lack of subject matter jurisdiction. If they so desire, Plaintiffs may re-file their state contract law claims in California Superior Court.

**BACKGROUND**

In July 2006, Plaintiffs John and Becky Geist obtained a home equity line of credit from Washington Mutual Bank. Compl. ¶ 10. The loan, which was subsequently acquired by Defendant JP Morgan Chase, was secured by a Deed of Trust ("DOT") encumbering

1  property owned by the Geists in San Rafael, California.  *Id.*  The DOT contained a "Power of

2  Sale" clause permitting Defendant JP Morgan Chase to institute non-judicial foreclosure

3  proceedings in the event of a default.  *Id.*

4  On or about September 2009, Defendants invoked their power of sale, and a

5  foreclosure sale was set for January 27, 2010.  Compl. ¶ 8.  Plaintiffs filed the current action

6  on January 26, 2010.  In their Complaint, they ask this Court to declare the DOT's "Power of

7  Sale" clause invalid and to issue an injunction barring the foreclosure sale, which has yet to

8  occur.

9  Now pending before the Court is Defendants' Motion to Dismiss Plaintiffs'

10  Complaint.

11  **LEGAL STANDARD**

12  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed

13  against a defendant for failure to state a claim upon which relief can be granted against that

14  defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim."

15  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal "is proper only where there

16  is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable

17  legal theory." *Id.*   A motion to dismiss should be granted if a plaintiff fails to plead "enough

18  facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

19  U.S. 544, 570 (2007).

20  **DISCUSSION**

21  Plaintiffs allege two federal law and several state contract law causes of action.

22  Neither of Plaintiffs' federal claims is legally cognizable.  Accordingly, those claims are

23  dismissed, with prejudice.  Plaintiffs' remaining state law claims, including, for example,

24  Plaintiffs' claim that the relevant power of sale clause is unconscionable and therefore void,

25  are dismissed for lack of subject matter jurisdiction.  Plaintiffs may re-file these claims in

26  California Superior Court.

27  **A.      Plaintiffs' First Cause of Action: Deprivation of Due Process Rights**

28

**United States District Court**
For the Northern District of California

1    In their first cause of action, Plaintiffs allege that the non-judicial foreclosure

2  proceedings instituted by Defendants deprived them of their Fourteenth Amendment rights to

3  due process.  As explained below, it is well-settled law that non-judicial foreclosure

4  proceedings do not involve "state action," even though such proceedings are regulated by

5  state law.  *See Apao v. Bank of New York*, 324 F.3d 1091 (9th Cir. 2003).  Because the

6  Fourteenth Amendment applies only to actions by state actors, Plaintiffs' Fourteenth

7  Amendment claim fails as a matter of law.

8    "The Fourteenth Amendment provides: 'No state shall ... deprive any person of life,

9  liberty, or property, without due process of law.'  It thus shields citizens from unlawful

10  governmental actions, but does not affect conduct by private entities."  *See id.* at 1093.  To

11  survive a motion to dismiss a Fourteenth Amendment claim, a plaintiff must therefore allege

12  facts sufficient to establish that the defendant's purportedly unlawful conduct qualifies as

13  "state action."  *Id.*

14    Here, Plaintiffs assert that the non-judicial foreclosure proceedings implemented by

15  Defendants are state actions because they are "conducted under the auspices of State law."

16  Opp. at 6.  In Plaintiffs' view, "the state of California, having enacted statutes allowing non-

17  judicial foreclosure, is complicit in allowing banks to operate outside the courts and take

18  private property without a hearing."  *Id.*  In short, Plaintiffs argue that Defendants' use of

19  non-judicial foreclosure proceedings qualifies as "state action" because California law both

20  authorizes non-judicial foreclosures and regulates the manner in which such foreclosures are

21  conducted.

22    This argument was expressly rejected by the Ninth Circuit in *Apao v. Bank of New*

23  *York*, a case materially indistinguishable from this one.  *See* 324 F.3d at 1093.  In *Apao*, the

24  plaintiff challenged, on due process grounds, the validity of the "foreclosure and sale [of her

25  home] under procedures provided for in her mortgage contract and authorized under

26  Hawaii's non-judicial foreclosure statute."  *Id.* at 1092.  Like the Geists, Apao argued that the

27  state's regulation of non-judicial foreclosure proceedings rendered those proceedings state

28  actions.  *Id.* at 1094.

3

**United States District Court**
For the Northern District of California

1    The Ninth Circuit concluded otherwise, holding that "[w]hile the bar for state action is

2  low, non-judicial foreclosure procedures like Hawaii's nevertheless slip under it for want of

3  direct state involvement." *Id.* at 1095 (internal citation omitted).  In reaching this conclusion,

4  the court relied on the fact that Hawaii's non-judicial foreclosure statute "neither

5  encourage[d] nor compe[lled] the [non-judicial foreclosure] procedure, but merely

6  recognize[d] its legal effect." *Id.* at 1094.  The court also noted that "self-help foreclosure

7  remedies have existed since early in the common law, and thus one cannot say that the power

8  of foreclosure is one traditionally belonging to the government." *Id.*

9    Like Hawaii's non-judicial foreclosure statute, the relevant California statutes neither

10  "encourage" nor "compel" the use of non-judicial foreclosure procedures, but "merely

11  recognize [their] legal effect." *See id.*; *see also* Cal. Civ. Code § § 2924 -2924i; *and*

12  *Garfinkle v. Superior Ct.*, 21 Cal. 3d 268, 276 (1978) (holding that, because California's

13  "nonjudicial foreclosure statutes do not . . . compel inclusion of a power of sale in a deed of

14  trust or provide for such a power of sale when one has not been included by the parties," the

15  statutes do not render non-judicial foreclosure proceedings state actions).

16    *Apao* therefore squarely controls this case and compels a finding that Defendants' use

17  of non-judicial foreclosure procedures does not qualify as "state action."  Accordingly,

18  Plaintiffs' Fourteenth Amendment claim fails as a matter of law.

19  **B.    Plaintiffs' Second Cause of Action: Cognovit Note**

20    Plaintiffs next allege that the "Power of Sale" clause in the DOT is "akin in

21  performance to an [unconstitutional] cognovit note and/or confession of judgment."  Compl.

22  ¶ 22.  This claim also fails as a matter of law.

23    A cognovit is "an ancient legal device by which the debtor consents in advance to the

24  holder's obtaining a judgment without notice or hearing, and possibly even with the

25  appearance, on the debtor's behalf, of an attorney designated by the holder." *D. H.*

26  *Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972).   "It is written authority

27  of a debtor and direction by him for the entry of judgment against him if the obligation set

28  forth in the note is not paid when due . . . . [I]t cuts off every defense which the maker of the

4

1  note may otherwise have.  It likewise cuts off all rights of appeal from any judgment taken on

2  it." *Id.* at 176 n.2.  A cognovit may be unconstitutional under certain circumstances.  *Id.* at

3  185.

4       Plaintiffs' claim fails in this case because the power of sale clause at issue is not a

5  cognovit.  The relevant clause allows the Defendants to sell the Geists' property in the event

6  of the Geists' default on their home equity loan.  It does *not* permit the Defendants to obtain

7  a judgment against the Plaintiffs from a court of law without notice or a hearing.  Nor does it

8  preclude Plaintiffs from challenging the foreclosure sale in a judicial proceeding or prevent

9  Plaintiffs from raising any defenses they may have to the validity of the debt contract.  It

10 similarly fails to cut off Plaintiffs' rights to appeal any judgment that Defendants' obtain

11 through a judicial proceeding.  In short, the power of sale clause is not a cognovit. Plaintiffs'

12 claim therefore fails.

### C.    Plaintiffs' Remaining Causes of Arise

14      Plaintiffs' remaining causes of action arise under California law.  These claims

15 include Plaintiffs' assertions that the power of sale clause is unenforceable because (1) it is

16 both procedurally and substantively unconscionable, and (2) Defendants' obtained Plaintiffs'

17 consent to it through fraud and/or by making material misrepresentations.  The Court

18 declines to exercise supplemental jurisdiction over these claims and therefore dismisses them

19 for lack of subject matter jurisdiction.

20      The Court's subject matter jurisdiction over this action was initially premised on the

21 Geists' constitutional claims. *See* Compl. at 1. Having dismissed those claims with prejudice,

22 federal question jurisdiction under 28 U.S.C. § 1331 no longer exists.  In such circumstances,

23 the Court may decline to exercise supplemental jurisdiction over any remaining state and

24 local law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise

25 supplemental jurisdiction ... if ... the district court has dismissed all claims over which it has

26 original jurisdiction ...."). The Court chooses to do so here. Accordingly, the Geists'

27 remaining claims are dismissed for lack of subject matter jurisdiction.

28

United States District Court
For the Northern District of California

5

1

**CONCLUSION**

2    For the reasons discussed above, the Court:

3    (1) GRANTS Defendants' Motion to Dismiss with respect to Plaintiffs' federal

4    claims;

5    (2)   DISMISSES Plaintiffs' remaining claims for lack of subject matter

6    jurisdiction.

7    **IT IS SO ORDERED.**

8

9

10   Dated: May 18, 2010                         CHARLES  R. BREYER
                                                 UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California